UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| ANDREW LAMAR COLLINS, | : | CASE NO. 16-61864-PWB |
| | : | |
| Debtor. | : | |
| | : | |

**APPLICATION OF ARNALL GOLDEN GREGORY LLP
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES AS COUNSEL FOR THE CHAPTER 7 TRUSTEE**

COMES NOW Arnall Golden Gregory LLP ("**AGG**" or "**Applicant**"), attorneys for S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Andrew Lamar Collins (the "**Debtor**"), and, under 11 U.S.C. § 330 and Bankruptcy Rule 2016, applies for allowance of compensation and reimbursement of expenses. AGG seeks allowance of compensation in the amount of $4,902.25[1] and reimbursement of expenses in the amount of $18.50 for the period of January 31, 2019 through and after December 16, 2020, to the close of the case. In support thereof, AGG respectfully shows as follows:

**Venue and Jurisdiction**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**Background**

2.      On July 7, 2016 (the "**Petition Date**"), Debtor filed a voluntarily petition under

---

[1]     In the exercise of its billing judgment, AGG has voluntarily reduced the 2019 billing rate of Michael J. Bargar from $495.00 per hour to $445.00 and his 2020 billing rate from $535.00 per hour to $482.50.  It has also voluntarily written-off various time entries by its attorneys and paraprofessionals.

15792696v1

Chapter 13 of Title 11 of the United States Code (11 U.S.C. § 101, *et seq.*, as amended, is hereinafter referred to as the "**Bankruptcy Code**"), initiating Case No. 16-61864-PWB (the "**Bankruptcy Case**").

3. On September 15, 2018, Debtor filed a motion to convert the Bankruptcy Case to a case under Chapter 7 [Doc. No. 34], and, on September 17, 2018, the Bankruptcy Case was converted to one under Chapter 7.

4. Trustee was thereafter appointed the duly acting Chapter 7 trustee in the Bankruptcy Case, and he remains in this role.

5. The Chapter 7 meeting of creditors was held and concluded on October 16, 2018 pursuant to 11 U.S.C. § 341(a) (the "**341 Meeting**").

6. Trustee filed his *Application to Appoint Attorney for Trustee* [Doc. No. 56] on February 4, 2019, and the Court entered an *Order* [Doc. No. 57] on February 6, 2019, appointing Arnall Golden Gregory LLP as attorneys for Trustee.

**Narrative Summary of Services Performed**

*A. General Background Information*

7. Trustee and his professionals have undertaken extensive investigation, identification, and recovery of an interest in certain real property of the estate, have taken such steps as deemed appropriate for administration and protection of the estate, and created an estate that totals approximately $28,000.00.

8. Trustee and his professionals created this estate after entering into a settlement agreement with the Debtor to resolve the Transfer Dispute (defined below), which was approved by the Court.

15792696v1

9. As a result of these efforts, Trustee and his professionals will make a meaningful distribution to unsecured creditors. Trustee and his professionals have achieved good results in this Bankruptcy Case.

### *B. Summary of Fee Application*

10. For the period from January 31, 2019 through December 16, 2020, and through the close of the case (the "**Application Period**"), AGG seeks compensation in the amount of $4,902.25 and reimbursement of expenses in the amount of $18.50.

11. AGG has expended a total 14.20 professional hours in performing services for Trustee. This results in a blended hourly rate of approximately $345.00 per hour.

12. If the Court grants the compensation requested in this Application, and after payment of other allowed administrative expenses, AGG estimates that there will be sufficient funds in the estate for Trustee to make a meaningful distribution to unsecured creditors.

### *C. The Property*

13. At the commencement of the Bankruptcy Case, the Bankruptcy Estate was created under 11 U.S.C. § 541(a) and includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the Bankruptcy Estate acquired after commencement of the Case. 11 U.S.C. § 541(a)(1) and (7) (2018).

14. Pursuant to his *Schedule A/B: Property,* Debtor scheduled his interest in his residence known generally as 6245 Shelburne Park Lane, Mableton, GA 30126 (the "**Property**"). *See* [Doc. No. 1 at page 15 of 63].

15. Rather than Trustee's selling the Debtor's interest in the Property (the "**Interest**"), Debtor and Trustee agreed Debtor would purchase the Interest from the Bankruptcy Estate (the "**Transfer Dispute**").

15792696v1

16.     Following negotiations, Trustee and Debtor (collectively, the "**Parties**") reached an agreement to transfer the Interest to Debtor by Trustee's abandoning it back to Debtor following certain payments by Debtor.  In this regard, the Parties have entered into a Settlement Agreement (the "**Settlement Agreement**"), which is attached as Exhibit A to the Settlement Motion (defined below).

17.     On February 25, 2019, Trustee filed the *Motion for Order Authorizing Compromise and Settlement with Debtor under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 60] (the "**Settlement Motion**").

18.     On March 29, 2019, the Court entered an *Order* [Doc. No. 63] approving the Settlement Motion.

19.     Exhibit "A," attached hereto and incorporated herein by reference, provides additional detail regarding AGG's rendition of services to Trustee.

20.     Exhibit "B," attached hereto and incorporated herein by reference, consists of the résumés of AGG's attorneys charging for his or her services on behalf of the Trustee in this Case.

**Particulars about the Application**

21.      This application for allowance of compensation and reimbursement of expenses is the first application AGG has filed in this Case.

22.     Pursuant to the provisions of 11 U.S.C. §§ 330 and 331, AGG files this application in which it seeks compensation for services rendered as counsel for the Trustee, together with reimbursement of expenses incurred in connection therewith, for the period from January 31, 2019 through and after December 16, 2020 .

23.     For the period covered by this application, AGG's attorneys and legal assistants

15792696v1

have devoted a total of not fewer than 14.20 hours in rendering services in this Case. A summary of hours spent by each attorney or paraprofessional is attached at page 5 of Exhibit "A."

24. With respect to the services, which have been provided by AGG in this Case, AGG shows that all services provided as counsel for Trustee were necessary to assist Trustee in the proper and effective administration of the estate of Debtor and the protection of the rights and positions of creditors and the estate. AGG shows that the fair and reasonable value of these services, and the cost of comparable services in a case not proceeding under the Bankruptcy Code, is not less than $4,902.25.[2]

25. AGG is a law firm with major practice areas in Chapter 7 and Chapter 11 bankruptcy cases.

26. AGG has developed and demonstrated, in previous cases as well as in this one, a high level of legal skills, experience, and expertise in the effective and economic representation of fiduciaries in large and complex Chapter 7 cases. The bankruptcy lawyers in the firm are well-versed in both the substantive and procedural issues which arise in such cases and, consequently, are able to provide prompt, efficient, and effective legal services as required. Because of their experience in large cases, attorneys with the firm are able to mobilize and coordinate the resources of the firm, the client, other professionals, and outside services so that the logistical and clerical requirements of cases such as this one can be timely, effectively, and efficiently met.

---

[2] As discussed above, in the exercise of its billing judgment, AGG has voluntarily reduced the 2019 billing rate of Michael J. Bargar from $495.00 per hour to $445.00 per hour and his 2020 billing rate from $535.00 per hour to $482.50. It has also voluntarily written-off various time entries by its attorneys and paraprofessionals.

15792696v1

27. AGG submits that its requested hourly rates are equal to or less than the rates of lawyers of reasonably comparable skills, experience, and reputation in cases of similar complexity and size in the geographic area in which it practices and in cases not proceeding under the Bankruptcy Code. *See* 11 U.S.C. § 330(a)(3)(F) (2018); s*ee also In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 849 (3rd Cir. 1994) (citing to legislative history related to 11 U.S.C. § 330, adopted in 1978, for the proposition that "The unambiguous policy inspiring § 330(a), expressed most clearly [by Congress], is that *professionals and paraprofessionals in bankruptcy cases should earn the same income as their non-bankruptcy counterparts*.") (emphasis added).

28. AGG shows that all services for which compensation is requested have been actually provided to Trustee, and to no other parties, and have been necessary for the proper and effective administration of this Case and for the benefit of the Debtor's Bankruptcy Estate and creditors.

29. AGG submits that it is entitled to allowance of compensation in the amount of not less than $4,902.25 of fees that arose based on a "lodestar" calculation of reasonable hourly rates multiplied by the number of hours actually expended, as summarized on Exhibit "A." AGG shows that consideration of the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), and adopted by the Eleventh Circuit in *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) and *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874 (11th Cir. 1990), for evaluation of applications for compensation, supports such compensation as shown below. The following summarizes the application of the *Johnson* factors to this Case:

15792696v1

(a) *Time and labor required*: AGG has expended a total of 14.20 attorney and paraprofessional hours during the Application Period. The legal issues presented by this Case have required much time and attention, on a timely basis.

(b) *Novelty and difficulty of the legal questions*: This Case has involved numerous issues which are discussed, in part, in Exhibit "A," the narrative description of services provided and earlier in this Application. These legal issues presented somewhat novel issues that required a substantial amount of time and effort to resolve, including consideration of amendments to Georgia's recording statutes and the implication of the same on the particular facts of this case.

(c) *Skill required performing the legal services properly*: Trustee chose AGG because AGG has the requisite skill and experience to perform the necessary legal services properly and to supervise all legal matters, including the numerous non-bankruptcy issues, which have developed in this Case. AGG submits that this Case has required extensive skill and experience.

(d) *Preclusion of other employment due to acceptance of this Case*: Time and attention were necessarily and properly devoted to this Case. The extent and nature of the time and attention limited the capacity of the attorneys involved in this Case to handle other matters.

(e) *Customary fee for similar work in the community*: AGG is regularly compensated in Chapter 7 bankruptcy cases in which it represents trustees or responsible persons on the same basis as requested herein.

(f) *Whether fee is fixed or contingent*: This is not a contingency fee case except that there would be no estate and no chance of payment of professionals without the actions undertaken to bring funds into the Bankruptcy Estate. As a result, AGG was at a significant risk

15792696v1

of not being paid until Trustee was able to reach a settlement with Debtor, or moved forward with a sale of the subject property. AGG charges a reasonable fee, taking into account the time and value of services rendered, the results achieved, the novelty and complexity of the issues presented, the time demands imposed by the client and circumstances, and other relevant factors. Time was charged at hourly rates for attorney time.  Other relevant factors taken into account in setting a reasonable fee include the amounts involved and the results achieved in the representation, the novelty and complexity of the issues presented, the time constraints imposed by the client or the circumstances, and the rates of lawyers of reasonably comparable skills, experience, and reputation in non-bankruptcy matters of similar complexity and size.  AGG also charges for expenses incurred in connection with the provision of legal services as set forth in the attached expense description included in Exhibit "A."  The compensation AGG is seeking to be paid in this Case, subject to Court approval under 11 U.S.C. § 330, is based on hourly rates.

(g)  *Time limitations imposed by the clients or circumstances*:  The time limitations were the normal ones in a Chapter 7 case.

(h)  *Amount involved and results obtained*:  AGG has assisted Trustee to create an estate of approximately $28,000.00.  If the Court grants the compensation requested in this Application, and after payment of other administrative expenses, Trustee will make a meaningful distribution to holders of allowed unsecured claims.

(i)  *Experience, reputation, and ability of attorneys*: AGG's attorneys have significant experience and ability in handling bankruptcy cases of the size and complexity of this Case and AGG has developed a reputation for such ability and experience.

15792696v1

(j) *Undesirability of the Case*: This is not a factor in this Case except that there were no funds in the Bankruptcy Estate from which to compensate AGG, so it was at serious risk of non-payment absent obtaining a judgment in the Adversary Proceeding.

(k) *Nature and length of the professional relationship with the client*: This is not a factor in this Case.

(l) *Awards in similar cases*: AGG is regularly awarded compensation in bankruptcy cases on the same basis as requested herein.

(m) *Other factors*: In the course of preparing this application, AGG reduced or eliminated certain time entries for the fees of its attorneys and paraprofessionals.

30. Any compensation awarded by the Court will not be shared except among AGG's members and lawyers regularly practicing with AGG. In addition, AGG has received no compensation from any source in connection with this Case.

31. AGG shows further that it has incurred $18.50 in out-of-pocket expenses in this Case. The expenses incurred were actual, necessary expenses which are reasonable given the size of this Case and the unavoidable costs of administration and coordination of service of notices and other documents. Detailed descriptions of expenses incurred during the period covered by this application are included in Exhibit "A."

32. Trustee has reviewed this Application and has approved the requested amount.

33. AGG requests that this Application and attached exhibits be admitted into evidence at any hearing on this Application.

34. Based on the foregoing, AGG seeks allowance of $4,902.25 as compensation and $18.50 in reimbursement of expenses.

35. AGG requests that this Application be granted.

15792696v1

WHEREFORE, AGG respectfully prays:

(a)  That AGG be allowed compensation in the amount of $4,902.25 as and for the reasonable value for services rendered in connection with its retention as counsel for Trustee for the period January 31, 2019 through and after December 16, 2020;

(b)  That AGG be allowed the sum of $18.50 for the reimbursement of expenses incurred in this Case for the period January 31, 2019 through and after December 16, 2020;

(c)  That the Court grant the compensation and reimbursement of expenses sought herein and authorize payment as Chapter 7 administrative expenses and that the award be made final; and

(d)  That the Court grant such other and further relief as may be just and proper.

Respectfully submitted this 16th day of December, 2020.

    ARNALL GOLDEN GREGORY, LLP
    *Attorneys for Trustee*

    By:*/s/ Michael J. Bargar*
        Michael J. Bargar
        Georgia Bar No. 645709
        michael.bargar@agg.com
    171 17th Street, NW, Suite 2100
    Atlanta, Georgia 30363-1031

15792696v1

# EXHIBIT "A" FOLLOWS

15792696v1

**Arnall Golden Gregory LLP**

Greg Hays, Trustee in Bankruptcy
Hays Financial Consulting, LLC
2964 Peachtree Road, NW
Suite 555
Atlanta, GA 30305

December 7, 2020
Invoice #816005
Neil C. Gordon

**For Legal Services Rendered In Connection With:**

Client/Matter #22151-147
Collins, Andrew Lamar (Case No. 16-61864-PWB)

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 01/31/19 | M. Bargar | 0.70 | 445.00 | 311.50 | Evaluate and analyze documents and information and consider legal issues related to sale of equity in home to debtor (.2); telephone call from Trustee regarding same (.2); edit AGG employment application (.2); draft correspondence to Trustee regarding same (.1) |
| 01/31/19 | T. Daniel | 0.60 | 0.00 | 0.00 | (No Charge) Evaluate and analyze memo from M. Bargar regarding AGG employment application (.10); Pull docket and draft application (.40); Draft memo to M. Bargar for review and approval to file (.10) |
| 02/01/19 | M. Bargar | 0.70 | 445.00 | 311.50 | Gather facts and consider legal issues related to settlement of equity in real property with Debtor (.6); draft memo to support staff regarding same (.1) |
| 02/04/19 | M. Bargar | 1.10 | 445.00 | 489.50 | Gather facts and consider legal issues related to protecting estate's interest in real properties while settlement payments are pending (.3); draft memo to support staff regarding same (.1); draft settlement agreement (.5); draft correspondence to Trustee regarding same (.2) |
| 02/04/19 | T. Daniel | 0.50 | 0.00 | 0.00 | (No Charge) Review and analyze memo from M. Bargar regarding Application to Employ AGG (.10); Serve relevant parties Application (.30): Memo to M. Bargar regarding draft of Order (.10) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-147**

December 7, 2020
Invoice #816005
Neil C. Gordon
Page 2

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|------|------------|-------|------|--------|-------------|
| 02/12/19 | M. Bargar | 0.10 | 445.00 | 44.50 | Draft correspondence to Trustee regarding legal issues related to sale of residence back to debtor and necessary edits to agreement regarding same |
| 02/13/19 | M. Bargar | 0.50 | 445.00 | 222.50 | Edit settlement agreement to increase default provisions (.3); draft correspondence to Lorena Saedi, counsel for debtor, regarding same (.2) |
| 02/15/19 | M. Bargar | 0.30 | 445.00 | 133.50 | Evaluate and analyze signed agreement by Debtor to ensure it is same agreement approved by Trustee (.2); draft correspondence to Trustee regarding execution of same and related legal issues (.1) |
| 02/19/19 | M. Bargar | 0.30 | 445.00 | 133.50 | Draft correspondence to Trustee regarding settlement agreement and related legal issues (.2); telephone call to Trustee regarding same (.1) |
| 02/24/19 | M. Bargar | 0.40 | 445.00 | 178.00 | Draft Rule 9019 motion (.3); draft correspondence to Trustee regarding same (.1) |
| 02/25/19 | M. Bargar | 0.30 | 445.00 | 133.50 | Continue to draft settlement motion following edits by Trustee (.2); draft memo to support staff regarding same (.1) |
| 02/26/19 | M. Bargar | 0.50 | 445.00 | 222.50 | Draft notice of hearing regarding settlement motion with Debtor (.3); draft memo to support staff regarding same (.1); edit COS regarding same (.1) |
| 02/26/19 | T. Daniel | 1.30 | 0.00 | 0.00 | (No Charge) Review and analyze memo from M. Bargar regarding service of Notice of Hearing on Motion Approving Settlement (.10); Prepare Notice and draft memo to M. Bargar for review and approval to file (.20); Pull docket and prepare certificate of service, and draft memo to M. Bargar for approval to file with Court (.50); Serve Notice and File Certificate of Service with Court (.60) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-147**

December 7, 2020
Invoice #816005
Neil C. Gordon
Page 3

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 03/04/19 | M. Bargar | 0.10 | 445.00 | 44.50 | Draft memo to support staff regarding protecting estate's interest in real property pending payments included in pending settlement motion |
| 03/05/19 | P. Bicknell | 1.00 | 195.00 | 195.00 | Review of file (.10), obtain and review court docket regarding case status and notice of conversion and appointment of Chapter 7 Trustee (.10); review of GSCCCA regarding ownership and legal description of debtor's residence (.10); prepare Trustee's claim of interest and notice of bankruptcy filing, with letter to Cobb County Superior Court Clerk regarding instructions for filing and recordation of ame (.70); |
| 03/26/19 | M. Bargar | 1.90 | 445.00 | 845.50 | Prepare for hearing on settlement motion (.3); to court and attend same (1.2); draft proposed order (.4) |
| 03/26/19 | T. Daniel | 0.30 | 0.00 | 0.00 | (No Charge) Review and analyze memo from M. Bargar regarding Order in Collins 16-61864 (.10); Prepare Order for filing and memo to M. Bargar for approval to upload and file (.20); Review approval email from MJB and upload Order to Court (.10) |
| 03/27/19 | T. Daniel | 0.20 | 0.00 | 0.00 | (No Charge) Review and analyze email from M. Bargar regarding approval to file Order on Settlement Order Collins 16-61864 (.10); Upload Order to Court (.10) |
| 03/29/19 | M. Bargar | 0.10 | 445.00 | 44.50 | Telephone call to Judge Bonapfel's chambers regarding order on settlement motion |
| 07/28/20 | M. Bargar | 0.40 | 482.50 | 193.00 | Draft correspondence to Trustee regarding settlement and resolution of same (.1); gather facts and consider legal issues related to same (.2); draft correspondence to Trustee regarding same (.1) |
| 07/29/20 | M. Bargar | 0.40 | 482.50 | 193.00 | Draft status report regarding settlement conclusion (.3); draft correspondence to Trustee regarding same (.1) |

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-147**

December 7, 2020
Invoice #816005
Neil C. Gordon
Page 4

| DATE | TIMEKEEPER | HOURS | RATE | AMOUNT | DESCRIPTION |
|---|---|---|---|---|---|
| 08/10/20 | M. Bargar | 0.10 | 482.50 | 48.25 | Draft correspondence to Trustee regarding legal issues related to completion of settlement payments |
| 09/10/20 | M. Bargar | 0.20 | 482.50 | 96.50 | Draft correspondence to Trustee regarding inquiry from Andrew Collins regarding issues related to settlement |
| 09/11/20 | M. Bargar | 0.30 | 482.50 | 144.75 | Draft correspondence to Lorena Saedi, counsel for Debtor, regarding Debtor's requests related to settlement and post-petition refinancing |
| 12/03/20 | M. Bargar | 1.90 | 482.50 | 916.75 | Edit AGG fee app (.8); estimated time to prepare for (.3); attend fee hearing (.3); and draft proposed order (.5) |

|   |   |
|---|---|
| **Total Hours** | **14.20** |
| **Total For Services** | **$4,902.25** |

**EXPENSES**

| | |
|---|---|
| VENDOR: Cobb County, Clerk, Superior Court  of INVOICE#: 22151.147.PEB DATE: 3/5/2019 fee for filing and recordation of trustee's claim of interest and notice of bankruptcy filing | 16.00 |
| Postage | 2.50 |
| **Total Expenses** | **$18.50** |

|   | Fees | Disbursements | Total |
|---|---|---|---|
| CURRENT CHARGES: | 4,902.25 | 18.50 | 4,920.75 |
| Total Balance Due: | 4,902.25 | 18.50 | 4,920.75 |

**Atlanta, GA | Washington, DC**

**Greg Hays, Trustee in Bankruptcy**

**Client/Matter #22151-147**

December 7, 2020
Invoice #816005
Neil C. Gordon
Page 5

| | | Total This Statement | $4,920.75 |

**Attorney and Paralegal Summary**

| Name | Year | Rate | Hours | Total Amount |
|---|---|---|---|---|
| Bargar, Michael J. | 2019 | 445.00 | 7.00 | 3,115.00 |
| Bargar, Michael J. | 2020 | 482.50 | 3.30 | 1,592.25 |
| Bicknell, Pamela E. | 2019 | 195.00 | 1.00 | 195.00 |
| | | **Total** | **14.20** | **$4,902.25** |

EXHIBIT "B"

ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W., Suite 2100
Atlanta, Georgia  30363-1031
(404) 873-8500

PARTNER

**MICHAEL J. BARGAR** – Admitted to Georgia Bar in 2010. Education: Ashland University (B.A., 2001); Case Western Reserve University, (MBA, 2007); Emory University (J.D., 2010). Member: State Bar of Georgia. Executive Notes and Comments Editor, *Emory Bankruptcy Developments Journal*. Practice Areas: Bankruptcy, Creditors' Rights and Financial Restructuring. Barrister, W. Homer Drake, Jr. Georgia Bankruptcy American Inn of Court. Panel Member, Chapter 7 Panel of Trustees for the Northern District of Georgia. Fellow, American Bar Foundation.

15792696v1